Law Library

FILED
SUPERIOR COURT
OF GUAM

MAR 12 '09 9: 26

CLERK OF COURT

# IN THE SUPERIOR COURT OF GUAM

|  |  |
|---|---|
| THE PEOPLE OF GUAM, | ) CRIMINAL CASE NO. CF0118-08 |
|  | ) |
| vs. | ) |
|  | ) **DECISION AND ORDER** |
| JOHN JOEY V. MANGLONA, | ) |
|  | ) |
| Defendant. | ) |
|  | ) |

This matter came before the Honorable Vernon P. Perez on February 11, 2009 on Defendant's Motion to Release Cash Bail. Attorney Sally A. Tobin, Assistant Attorney General, appeared on behalf of the People. Attorney Howard Trapp appeared on behalf of Defendant, John Joey V. Manglona. At the hearing, the Prosecution objected to Defendant's Motion to Release Cash Bail. On February 13, 2009, the Prosecution filed People's Request for Forfeiture of Bail Monies or in the Alternative Sanctions for the Third Party Custodians. On February 16, 2009, Defendant filed Defendant's Response to People's Request for Forfeiture. After having heard the parties' arguments, considering the parties' pleadings and the record, the Court now issues the following Decision and Order.

## BACKGROUND

On March 3, 2008, Defendant was charged in a Magistrate's Complaint with Aggravated Assault and Terrorizing. At the Magistrate's Hearing, bail was set at ten thousand dollars ($10,000.00) and Defendant was confined pending the posting of the bail. On March 4, 2008, Pretrial Services Office conducted interviews with proposed Third Party Custodians (hereinafter "TPC's"), Joseph M. Manglona, Defendant's father, Gwendolyn V. Manglona, Defendant's

sister and Irene V. Manglona, Defendant's sister. All three proposed TPC's signed Third Party Custodian interview forms. On March 5, 2008, Defendant filed a Motion to Release on Recognizance. On March 6, 2008, Gwendolyn V. Manglona, Defendant's sister, posted the $10,000 cash bail with the Superior Court of Guam. On March 6, 2008, the Court held a Bail Hearing and executed an Order of Conditional Release and Appearance Bond. In the Order, Joseph Manglona and Gwendolyn V. Manglona were appointed as TPC's for the Defendant. On March 11, 2008, Defendant was charged by Indictment. On March 19, 2008, Defendant was Arraigned.

On April 7, 2008, Pretrial Services filed a Violation Report stating that Defendant violated the Stay Away order imposed by the Court in the Order of Conditional Release and Appearance Bond. On April 9 and 14, 2008, the Court held a Violation Hearing. At the hearing, Irene Manglona, Defendant's sister was appointed as an additional TPC. On April 28, 2008, the Court found Defendant in Violation of the Release Conditions and issued an Order which amended Paragraph 5 of the Order of Conditional Release. On May 13, 2008, the Court issued a further Order After Hearing. The further Order After Hearing specifically restricted Defendant's ability to make telephone calls.

On January 24, 2009, Defendant was arrested by Guam Police Officers for Possession of Controlled II Substance, but was not charged. On January 25, 2009, TPC Gwendolyn Manglona contacted the Probation Office expressing concerns about Defendant's behavior. On January 26, 2009, TPC's Gwendolyn and Irene Manglona contacted the Probation Office again about Defendant's behavior. The Probation Office conducted a home visit and determined that Defendant was a threat. All three TPC's executed Declaration's relinquishing their responsibilities as TPC's based upon Defendants uncontrollable behavior. The Probation Office

filed with the Court both a Violation Report and an Informational Report which recommended revocation of Defendants Release Conditions and that he be remanded pending disposition of the case. On January 26, 2009, the Court held a hearing on the Violation and issued a Commitment Order to Guam Detention Center for Defendant. On January 27, 2009, the Court issued an Order for Forensic Evaluation of Defendant. On January 29, 2009, Defendant brought the Motion to Release Bail Monies.

## DISCUSSION

Prosecution argues that the ten thousand dollar bail monies posted by TPC Gwendolyn V. Manglona should be forfeited based upon the TPC's failure to comply with the Conditions of Release. In particular, Prosecution sets forth that one of Defendant's conditions for release was to obey all laws, federal and local, and orders of the Court. Prosecution asserts that Defendant's arrest for possession of a controlled substance was both his and his TPC's violation of the Court's orders and justifies the forfeiture of the bail monies.

At the onset, contrary to what the Prosecution argues, the March 6, 2008, Order of Conditional Release and Appearance Bond, which sets forth Defendant's conditions for release, does not specify that Defendant was to obey all laws, federal and local, and order of the Court. Specifically, number 14 in the Order of Conditional Release and Appearance Bond is not checked by the Court as one of the specific conditions that Defendant was required to obey as a condition of release. Prosecution fails to show where and how the condition that the Defendant was to obey all laws, federal and local, and orders of Court was imposed upon the TPC's or even the Defendant for that matter. There is no other evidence in the record to clearly demonstrate that this was in fact a condition of Defendant's release. Nor is there any evidence in the record to show that this condition was specifically imposed upon and accepted by the TPC's in this matter.

Notwithstanding, the law traditionally disfavors forfeitures and this disfavor extends to forfeiture of bail. People v. Ranger Ins. Co., 91 Cal. Rptr. 2d 907, 909 (Cal. App. 4th, 2000). Bail statutes are strictly construed in favor of the surety to avoid the harsh results of forfeiture. Id. The underlying purpose of the bail system is to "insure the attendance of the accused" and application of the bail statutes should involve "no element of revenue to the state or punishment of the surety." People v. American Contractors Indemn. Co., 93 P.3d 1020, 1022 (Cal., 2004).

Bail statutes in Guam likewise set forth that the underlying purpose of the bail system is to secure the attendance of the accused. Specifically, 8 GCA §40.20 states:

**Bail Conditions; Defined, When to be Used**:

Where the judge determines that release of the person charged on his/her own recognizance will not reasonably assure his/her appearance as required, or will endanger the safety of any other person or the community, the judge shall impose the least onerous of the following conditions which is reasonably likely to assure the person's appearances as required and the safety of any other person and the community....

8 GCA §40.20.

Bail statutes in Guam likewise disfavor bond forfeiture. Under Guam law, bond forfeiture is a remedy reserved only in the case of when a person willfully fails to appear before the court. Specifically, 8 GCA §40.90 (b) states that: "If any person released pursuant to the Chapter fails to appear, without sufficient excuse, before any court or judge as required, such fact shall be noted by the court in which the person was to appear in its minutes and any security which was given or pledged for his release shall be immediately be declared forfeited." 8 GCA §40.90(b).

In the event that a person violates a condition of release, the bail statutes in Guam dictate that the remedy is either imposition of additional conditions for release or the revocation of one's release. Specifically, 8 GCA §40.75 states:

**Actions Allowed Upon Violation of Conditions or Failure to Appear.**

> (a)…when after a noticed hearing, the court finds that a person released…has willfully violated the conditions imposed on his release or that a change in circumstances or new evidence shows a need for the imposition of different or additional condition upon the person's release, the court may order the imposition of such conditions as are reasonably necessary to assure the person's appearance as required….

> (b)… where the court finds that the person has willfully violated the conditions imposed on his release or that an indictment or information has been filed charging the person with the commission of an offense while released in the pending action, the court may revoke the person's release.

8 GCA §40.75.

In the instant matter, Defendant has never failed to appear before any court or judge, as required. The Defendant was arrested on January 24, 2009 by Guam Police Officers for Possession of Controlled II Substance, but was not charged. The TPC's contacted the Probation Office on January 25, 2009 concerning the Defendant. Specifically, the TPC's informed the Probation Office that the Defendant was acting up and they were concerned for their own safety. By January 26, 2009, the TPC's had filed declarations relinquishing their responsibilities. Also by this time, the Probation Office had filed both an Informational Report and a Violation Report with the Court and had recommended revocation of Defendant's release. The facts of this case and Guam bail statutes do not support a forfeiture of the bond in this matter. Nor has Prosecution presented any argument that would likely provide sufficient reason to support a forfeiture of the bond in this matter.

Prosecution next argues that if the Court does not deem forfeiture appropriate, then in the alternative, sanctions should be levied against all three TPC's. Prosecution recommends that the Court sanction each of the TPC's a fine of $1,000, a term of incarceration of 10 days, or a

combination thereof. Prosecution does not provide any legal precedent or relevant authority for this alternative presented.

In U.S. v. Hopkins, 2000 WL 146372 at *1-2 (N.D. Tex., 2000), the court was presented with the issue of whether a third-party custodian could be held in criminal contempt for failing to honor his commitments under a pretrial release order. The defendant in the case had failed to appear for trial. This prompted the government to file an application for an order requiring the third-party custodian to show cause as to why he should not be held in criminal contempt for failing to comply with his obligations as third-party custodian.

The court, in denying the governments order, held that the third-party custodian was never ordered to do anything. Hopkins, 2000 WL 146372 at *2. Rather, the third-party custodian had merely agreed to supervise the defendant and to report any violations of the pretrial release order to the court. The court further pointed out that this interpretation of what the pretrial release order requires of a third-party custodian is consistent with the legislative history of the Bail Reform Act, 18 U.S.C. §3141. Id. In particular, the court pointed to the Committee Report which stated that: "It is not intended by this provision that the custodian be held liable if the person to be supervised absconds or commits crimes while under the custodian's supervision. Rather...to impress on the custodians the duty they owe to the court and to the public to carry out the supervision to which they are agreeing and to report any violations to the court." Id.; (citing to, S. REP. No. 225, 98th Cong., 1st Sess. (1983), *reprinted in* 1984 U.S.C.C.A.N. 3182, 3197.)

The holding and reasoning in Hopkins is applicable to the present case. In the instant matter, the three TPC's were never ordered to do anything by the Court. As in Hopkins, the three TPC's in this matter merely agreed to supervise the Defendant and to report any violations of the pretrial release order to the Probation Office. The Superior Court of Guam Pretrial Service

Office Third Party Custodian (TPC) Interview form is the only document that was executed by the TPC's in this matter. That form required the TPC's to insure that the Defendant abide by the court imposed conditions of release and attend all court proceedings. The form also required the TPC's to report any violations by Defendant of the court imposed conditions that they were aware of, to the Probation Office.

In the instant matter, there has been no showing that the TPC's in this matter were aware of the alleged violation and failed to report it. Rather, the record shows that the TPC's in this matter, at the time of the alleged violation, were attempting to seek help from the Probation Office concerning the conduct of the Defendant. The record shows that the TPC's were in fact doing exactly what they agreed to do, keeping the Probation Office aware of problems with the Defendant. Both relevant law and the facts in this matter fail to provide any support for Prosecutions request for sanctions to be levied against the three TPC's.

## CONCLUSION

For the foregoing reasons, the People's Request for Forfeiture of Bail Monies or in the Alternative Sanctions for the Third Party Custodians is hereby DENIED. Defendant's Motion to Release Cash Bail is hereby GRANTED.

IT IS ORDERED that the amount of ten thousand dollars ($10,000.00) deposited with the Superior Court of Guam by Gwendolyn V. Manglona be returned to Gwendolyn V. Manglona forthwith.

So ORDERED this day of ___ 12 March, 2009.

_____
HONORABLE VERNON P. PEREZ
JUDGE, SUPERIOR COURT OF GUAM

2